United States District Court
Northern District of California

STEPHEN B. TURNER,

    Plaintiff,

  v.

GREGORY J. AHERN, et al.,

    Defendants.

Case No.: 12-cv-6174 KAW

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

On February 22, 2013, Defendants filed a motion to set aside the Clerk's entry of default in this case, which is currently set for hearing on April 4, 2013.

Pursuant to Civil Local Rule 7-3, Plaintiff's opposition was due on March 8, 2013. Plaintiff has not filed an opposition, which constitutes grounds for granting Defendant's motion in and of itself. *See* Judge Westmore's Standing Order at 5 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion").

Moreover, Defendants' motion to set aside the default is meritorious. A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether good cause exists, the court must consider three factors: 1) whether the moving party engaged in culpable conduct that led to the default; 2) whether there was a meritorious defense; and 3) whether the other party would be prejudiced. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). There is a strong policy in favor of deciding cases on the merits, and a court's refusal to relieve a party of a default is considered a harsh sanction and appropriate only in extreme circumstances. *Id.*

Defendants' motion and Defendants' counsel's affidavit explains that Defendants' counsel was unexpectedly taken ill on February 15, 2013, and was unable to work until February 21,

2013, the day after the responsive pleading was due. Default was entered by the Clerk on February 21, 2013. Defendants' counsel filed her motion to set aside the entry of default the very next day. Given these facts, Defendants' conduct was not culpable. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (in order for conduct to be considered culpable, the defendant must have acted in bad faith).

Defendants argue that they have meritorious defenses to Plaintiff's claims, including that the complaint fails to state any claims upon which relief may be granted. Defendants have filed a proposed motion to dismiss, which sets out this argument in more detail. All that is necessary to satisfy the "meritorious defense" requirement is to "allege sufficient facts that, if true, would constitute a defense." *Id.* at 697. Defendants' allegation that Plaintiff's complaint fails to state a claim upon which relief can be granted meets this standard.

Finally, there is no indication that Plaintiff will be prejudiced if the entry of default is set aside. *See id.* at 701 (to be considered prejudicial, there must be "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"). Here, Defendants filed their motion to set aside the entry of default one day after it was entered and two days after their response to the complaint was due. As such, there has been no impact of significance that would be prejudicial to Plaintiff's ability to prosecute his case.

For the reasons explained above, it is hereby ORDERED that:

1. Defendants' motion to set aside the clerk's entry of default is GRANTED, and the April 4, 2013 hearing date is VACATED; and
2. Within seven days of the date of this order, Defendants shall file their proposed motion to dismiss.

Dated: March 21, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

2