United States District Court
Northern District of California

STEPHEN B. TURNER,

    Plaintiff,

v.

GREGORY J. AHERN, et al.,

    Defendants.

Case No.: 12-cv-6174 KAW

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff Stephen B. Turner, who is proceeding pro se, brought this case against Gregory J. Ahern, Sheriff of Alameda County; Alameda County; Richard T. Lucia, Undersheriff of Alameda County; Brett M. Keteles, Assistant Sheriff of Alameda County; Carla Kennedy, Commander of Alameda County Sheriff's Department; and Greg Morado, Captain of Santa Rita County Jail ("Defendants") for civil rights violations under 42 U.S.C. § 1983.  Plaintiff claims that his constitutional rights were violated while he was incarcerated at Santa Rita County Jail.

On March 25, 2013, Defendants filed a motion to dismiss.  At the May 16, 2013 hearing on the motion to dismiss, Plaintiff appeared pro se, and Mary Ellyn Gormley appeared on behalf of Defendants.  For the reasons explained below, Defendants' motion to dismiss is granted in part and denied in part.

**I.    Factual Background**

Plaintiff alleges that he was incarcerated at Santa Rita County Jail on a parole violation from April 13, 2012 through June 18, 2012.  He was housed in Administrative Segregation for his protection, rather than disciplinary reasons.  During this nine-week period, Plaintiff had an average of two to three hours a week of indoor exercise time, and an average of one hour every three weeks of outdoor exercise time.  There were stretches of time where Plaintiff did not leave

his cell at all for three to four days. He and other inmates repeatedly complained to the guards about the lack of exercise time.

Plaintiff alleges that Defendants approved and maintained a policy of inadequate out-of-cell exercise time. He suffered from inadequate sun exposure, which deprived him of vitamin D and aggravated his severe depression and anxiety. The lack of exercise "inflicted profound emotional distress" and contributed to muscle wasting.

Plaintiff's complaint lists the following causes of action: 1) eighth amendment violation, 2) intentional infliction of emotional distress, and 3) *Monell* liability.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal should be granted where the pleadings fail to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to plaintiff. But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

The Court has an obligation to construe pro se pleadings liberally, especially in civil rights cases, "to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (discussing post-*Iqbal* pleading standards).

///

///

### III. Analysis

Defendants move to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted. The Court addresses each argument in turn.

#### 1. Eighth Amendment

Defendants argue that the facts in the complaint fail to state an Eighth Amendment violation, and that they are entitled to qualified immunity. An Eighth Amendment conditions of confinement claim must meet two requirements, one objective and one subjective. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." *Id.* (citations omitted).

Plaintiff has sufficiently pled the objective requirement. Exercise is one of the basic human necessities protected by the Eighth Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993); *Toussaint v. Rushen*, 553 F. Supp. 1365, 1380 (N.D. Cal. 1983), *aff'd in part and vacated in part*, 722 F.2d 1490 (9th Cir. 1984). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well-being" of prisoners. *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners of regular exercise. *See Toussaint v. McCarthy*, 597 F. Supp. 1388, 1393 (N.D. Cal. 1984). Although the Ninth Circuit has not specified the "minimum amount of weekly exercise that must be afforded to detainees who spend the bulk of their time inside their cells," the court held that ninety minutes per week of exercise, which is the equivalent of slightly less than thirteen minutes a day, does not comport with Eighth Amendment standards. *Pierce v. County of Orange*, 526 F.3d 1190, 1212 (9th. Cir. 2008) ("we hold that providing the equivalent of slightly less than thirteen minutes of exercise a day does not give meaningful protection to this basic human necessity").

In addition, it is unconstitutional to deprive prisoners in "long-term segregation" of outdoor exercise. *See Keenan v. Hall*, 83 F.3d 1083, 1089-90 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). *See also Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc)

3

(denial of outdoor exercise for six and a half weeks meets the objective prong of 8th Amendment deliberate indifference claim); *cf. May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (deprivation of outdoor exercise for 21 days without medical effects not enough to state 8th Amendment claim). Notably, in *Allen v. Sakai*, the Ninth Circuit held that providing only 45 minutes a week of outdoor exercise for a period of six weeks to a prisoner in indefinite segregation was sufficient to state an Eighth Amendment claim. 48 F.3d 1082, 1087-88 (9th Cir. 1994), *cert. denied*, 514 U.S. 1065 (1995).

        Here, Plaintiff's pleading meets the objective requirement of the Eighth Amendment claim. Plaintiff alleges that he was incarcerated for nine weeks at the Santa Rita County Jail, and that he was in segregation for the entire period of his incarceration. Plaintiff alleges that he was given only two or three hours a week of out-of-cell time, or indoor exercise. Although the Ninth Circuit has not specified the minimum amount of weekly exercise that must be afforded to inmates who spend most of their time in their cell, "one hour a day [is] recognized elsewhere as a constitutional floor." *Pierce*, 526 F.3d 1190, 1212. Defendants cite *Pierce* for the proposition that two hours of exercise—that is, out-of-cell time—a week is constitutionally adequate. But in *Pierce*, the two hours of exercise a week was sought by the plaintiffs. The Ninth Circuit did not decide that two hours of exercise a week was consitutionally sufficient, but gave the plaintiffs the relief they requested by reversing the district court's termination of an earlier court order mandating two hours of exercise a week. *See id.*

        Plaintiff further alleges that he was only allowed one hour every three weeks of outdoor exercise for the nine weeks he was in segregation, and that the deprivation of outdoor exercise caused medical effects, including aggravating his depression and anxiety, and causing suicidal ideation, muscle atrophy, and diminished Vitamin D synthesis. Plaintiff was not held in administrative segregation for punitive reasons, but for his protection. Defendants argue that this amount of outdoor exercise is not sufficient to state an Eighth Amendment violation because Plaintiff was not denied *all* outdoor exercise time. But as noted above, in *Allen*, the Ninth Circuit held that providing only 45 minutes a week of outdoor exercise for a period of six weeks to a prisoner was sufficient to state an Eighth Amendment claim. 48 F.3d at 1087-88. That is more

than the amount of outdoor exercise that Plaintiff was provided, and Plaintiff was in segregation for a longer period of time.

Defendant mischaracterizes the facts of *Allen* by stating, in a parenthetical, that the inmate in that case was allowed "no other out-of-cell exercise time." Defs. Mot. to Dism. at 5. In fact, the inmate in *Allen* was allowed half an hour of out-of-cell time a day, without counting the 45 minutes a week of outdoor exercise. Pls.'-Appellants' Br., 1994 WL 16012161 at 7. In this case, Plaintiff was only allowed out of his cell two to three hours a week; this means that on average, Plaintiff was only out of his cell between .29 and .43 hours a day, not counting the one hour of outdoor exercise every three weeks. Taking the allegations in the complaint as true, like the inmate in *Allen*, Plaintiff was confined to his cell almost 24 hours per day, and was denied consitutionally adequate outdoor exercise time.

Finally, Plaintiff's placement in segregation for nine weeks was "long term," as that phrase has been construed by the Ninth Circuit. In *Lopez*, the Ninth Circuit found that a plaintiff who was denied outdoor exercise for six and a half weeks while he was housed in administrative segregation to allow his broken jaw to heal had stated an Eighth Amendment claim. *See Lopez*, 203 F.3d 1122 n.15 (contrasting the "temporary" deprivation of outdoor exercise for 21 days in *May* with the "long term" deprivation of six and a half weeks in *Lopez* and six weeks in *Allen*, and stating: "long-term deprivations are substantial regardless of effects. Because Lopez alleged a deprivation longer than the one in *Allen*, it qualifies as long term."). Through this discussion of *Allen*, *Lopez* clarified that a six-week term of segregation need not be "indefinite," like the term of segregation in *Allen*, in order to qualify as long-term. *Lopez* is an *en banc* opinion, and is more recent than the Ninth Circuit decisions cited by Defendants, *Spain* and *Toussaint*, both of which involved longer periods of deprivation of exercise.

It should be noted that in this case, Plaintiff was only incarcerated for a total of nine weeks, whereas the inmates in *Allen* and *Lopez* were serving longer sentences. Defendants, however, have cited no authority holding that a particular period of deprivation that would otherwise qualify as "long term" does not violate the Eighth Amendment merely because the inmate is incarcerated for only that period of time.

5

Plaintiff has also sufficiently pled the subjective requirement, that is, that Defendants were deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("[A] prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate"). The Defendants, as prison officials, were aware or should have been aware that Plaintiff was confined to his cell nearly 24 hours a day, and was only allowed one hour of outdoor exercise every three weeks. In light of the many cases in this Circuit stating that outdoor exercise is a basic human need, Defendants should have been aware that the denial of exercise posed a risk of harm to Plaintiff. Additionally, Plaintiff alleges that he and other inmates constantly complained to the guards about the paucity of pod time and yard time, and that each of the Defendants was aware of the deliberate policy of inadequate out-of-cell exercise in the administrative segregation unit of the Santa Rita County Jail. These allegations are sufficient to survive a motion to dismiss.

Defendants argue that Plaintiff has not pled facts supporting his claim that the policy was due to deliberate indifference, rather than out of safety concerns. The complaint alleges sufficient facts to support allegations of deliberate indifference, and Plaintiff is not required to state facts to address safety concerns or other potential defenses that might be raised.

### 2. Qualified Immunity

Next, Defendants argue that they are entitled to qualified immunity regarding the Eighth Amendment claim. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law;'" defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determination of a deprivation first and then whether such right was clearly established, as required by *Saucier v. Katz*, 533 U.S. 194 (2001)); *Henry A.*, 678 F.3d at 1000 (qualified immunity analysis requiring (1) determining the contours of the clearly established right at the time of the challenged conduct and (2) examining whether a reasonable official would have understood that the challenged conduct violated such right). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236 (noting that while the *Saucier* sequence is often appropriate and beneficial, it is no longer mandatory).

Regarding the first prong, the threshold question must be: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? *Saucier*, 533 U.S. at 201. The inquiry of whether a constitutional right was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 202. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.*; *see*, *e.g.*, *Pearson*, 555 U.S. at 243-45 (concluding that officers were entitled to qualified immunity because their conduct was not clearly established as unconstitutional as the "consent-once-removed" doctrine, upon which the officers relied, had been generally accepted by the lower courts even though not yet ruled upon by their own federal circuit). If the law did not put the officer on notice that his conduct would be clearly unlawful, qualified immunity attaches. *Saucier*, 533 U.S. at 202.

Here, Defendants argue that they are entitled to qualified immunity because the complaint fails to state sufficient facts to show a constitutional violation occurred. For the reasons explained above, that argument is rejected.

Next, Defendants argue that it was not clearly established, at the time of Plaintiff's incarceration, or now, that the amount of out-of-cell exercise time Plaintiff received was a violation of a constitutional right or federal statute. But as explained above, *Allen* established in 1994 that 45 minutes of outdoor exercise a week, combined with less than half an hour a day of out-of-cell time, for a period of six weeks, violated the Eighth Amendment. Further, *Lopez* established in 2000 that *Allen*'s holding did not depend on the "indefinite" nature of the inmates' placement in segregation. According to the allegations in the complaint, Plaintiff received less outdoor exercise and out-of-cell time than the inmate in *Allen*, and was in segregation for a longer period of time. Thus, Defendants are not entitled to qualified immunity regarding Plaintiff's Eighth Amendment claim.

### 3. *Monell*

Defendants argue that Plaintiff's claim against Alameda County should be dismissed because it fails to state a cognizable claim. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Here, Defendants argue that there are no facts alleged in the complaint that support *Monell* liability, but only a formulaic, conclusory recitation of the *Monell* requirements. On the contrary, Plaintiff has sufficiently alleged that he was subjected to an unconstitutional exercise policy, as more fully described above; that it was the Sheriff and other County employees' policy; and that he and other inmates complained to the deputies repeatedly about the lack of out-of-cell time and

1  outdoor exercise time, but were denied sufficient out-of-cell and outdoor exercise time because of
2  the policy.  These allegations are sufficient to support a *Monell* claim.

### 4. Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct. *KOVR–TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028 (1995).

Defendants argue that this cause of action should be dismissed because: (1) Plaintiff's allegations are conclusory; (2) Plaintiff has not pled that Defendants' conduct is outrageous; and (3) Defendants are entitled to statutory immunity with respect to this state law claim.

The Court agrees that Defendants are entitled to statutory immunity with respect to this claim.  California Government Code Section 844.6 states that with certain statutory exceptions, including certain cases involving injunctive relief, workers compensation, the legality of confinement, and medical care, "a public entity is not liable for: [¶] ... [¶] (2) An injury to any prisoner." *Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1383 (2010).  Thus, the County is statutorily immune from this state law cause of action.

Further, California Government Code Section 820.2 provides that a "public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  The statute was intended to restate the common law immunity for discretionary acts within the scope of public employment. *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051, (2007).  But the immunity does not apply to all acts by public employees within the literal meaning of the term "discretionary." *Id.*  Rather, immunity is more limited. *Id.*  "Actions that are considered ministerial in nature are those that amount only to obedience to orders which leave the officer no choice . . . On the other hand, discretionary acts under section 820.2 are considered those acts which encompass basic policy decisions expressly entrusted with the government entity."

1  *Guzman v. County of Alameda*, C 10-2250 MEJ, 2010 WL 3702652 *8 (N.D. Cal. Sept. 16, 2010)
2  (citations omitted).
3        Here, Plaintiff alleges that his out-of-cell time was governed by a policy, and that each of
4  the Defendants were responsible for the policy. *See* Comp'l at 3-4 ("Defendant []'s policies, and
5  his enforcement of those policies, . . . was unconstitutional"). The Complaint appears to allege
6  that each of the Defendants created the policy at issue. Creating a policy is a discretionary, rather
7  than ministerial, act, and therefore statutory immunity is appropriate.
8        Because this claim must be dismissed, the Court does not address Defendants' other
9  arguments regarding intentional infliction of emotional distress.

## IV. Conclusion

For the reasons explained above, it is hereby ORDERED that Defendants' motion to dismiss is granted as to the intentional infliction of emotional distress claim, and denied as to the Eighth Amendment claim.

Dated: June 14, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE